```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Elizabeth Mudgett

    v.                                            Civil No. 14-cv-143-JD
                                                  Opinion No. 2014 DNH 255

Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration

O R D E R

Elizabeth Mudgett seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of the Social Security Administration, denying her application for supplemental security income benefits. In support of reversing the decision, Mudgett contends that the Administrative Law Judge ("ALJ") erred in failing to find appropriate limitations in the mental residual functional capacity assessment. The Acting Commissioner moves to affirm.

Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by substantial evidence. § 405(g). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." <u>Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev.</u>, 620 F.3d 62, 66 (1st Cir. 2010). Substantial evidence, however, "does not approach the preponderance-of-the-evidence standard normally found in civil cases." <u>Truczinskas v. Dir., Office of Workers' Compensation Programs</u>, 699 F. 3d 672, 677 (1st Cir. 2012).

## Background

Mudgett filed an application for supplemental security income benefits in July of 2011, when she was twenty-six years old, alleging a disability since July of 2007, which was later amended to July of 2011. She claimed disabling impairments due to the effects of depression, anxiety, bipolar disorder, post-traumatic stress disorder ("PTSD"), insomnia, and addiction. Mudgett previously worked doing collections and in sales.

Although the joint statement of material facts does not provide a detailed chronology of Mudgett's criminal history, she testified that she had a felony record. Mudgett was arrested for armed robbery when she was sixteen and for burglary when she was seventeen and was incarcerated on more than one occasion after that time. Her medical records indicate that she was incarcerated for at least part of the period between January of 2005 and March of 2011.

Mudgett was evaluated and treated for mental health issues through October of 2012. In general, the treatment notes indicate that she had anxiety, suffered from depression, and

sometimes had a flat mood and affect, but was oriented in three spheres, denied suicidal ideation, and was assigned GAF scores in the 60s.[1]  She attempted to work at times, but she apparently was unable to sustain full-time work.

On August 30, 2011, Julianna Read, Ph.D. conducted a psychological consultative examination of Mudgett.  Dr. Read found that Mudgett met the criteria for PTSD, social anxiety disorder, and major depressive disorder.  Mudgett was then working part time in her father's landscaping business and in doing promotions for Lowe's and Home Depot.  She was able to drive, could handle her own finances, and helped with chores around the house.  Mudgett reported that she had nightmares and that she would forget to eat for days.

Dr. Read found that Mudgett was able to attend to all of her daily activities but would not always carry through because of exhaustion caused by anxiety and depression.  She also found that Mudgett could interact and communicate appropriately although with a general mistrust and high anxiety; she could understand and remember material; she could maintain attention, concentration, and her schedule; she could make simple decisions; and she could interact appropriately with supervisors.

After her application for benefits was denied, a hearing before an ALJ was held on October 2, 2012.  Mudgett testified

---

[1]GAF is an abbreviation for Global Assessment Functioning, a rating system of questionable reliability and significance.  See Hall v. Colvin, 18 F. Supp. 3d 144, 153 (D.R.I. 2014).

that she could not work because of her moods, because she was unable to sleep, and because she thinks other people are "either tearing her apart or watching her." She did not think her medications were helping her symptoms. Mudgett testified that she had not been capable of staying focused, functioning, or working five days in a row since 2011. At the hearing, Mudgett and her counsel explained that she was about to enter a residential treatment program for substance abuse.[2]

The ALJ issued her decision on January 17, 2013. The ALJ found that Mudgett had severe impairments due to PTSD, affective disorder, and a history of substance abuse. Because of those impairments, the ALJ found that Mudgett was limited to doing uncomplicated tasks, typical of those found in unskilled work. The ALJ determined that Mudgett's impairments had little or no effect on her ability to do unskilled work, which directed a finding that she was not disabled pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 204.00. The Appeals Council denied Mudgett's request for review.

---

[2] Despite evidence that Mudgett had issues with substance abuse, the ALJ did not make findings pertaining to the effect of substance abuse on Mudgett's claims of disability. See 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of [social security benefits] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."); see also 20 C.F.R. § 416.935.

## Discussion

Mudgett moves to reverse the ALJ's decision on the ground that the ALJ erred in determining her residual functional capacity which led to an erroneous conclusion that she is not disabled. Specifically, Mudgett argues that because the ALJ found that she had moderate limitations in her ability to maintain concentration, persistence, or pace, the ALJ was required to find a corresponding functional limitation. Mudgett contends that the limitation to simple or unskilled work did not satisfy that requirement and that the ALJ should have sought the opinion of a vocational expert based on a hypothetical that included all of her limitations. The Acting Commissioner moves to affirm the decision.

Disability, for purposes of social security benefits, is "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). The ALJ follows a five-step sequential analysis for determining whether a claimant is disabled. § 416.920(a)(4). The claimant bears the burden, through the first four steps, of proving that his impairments preclude him from working. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). At the fifth step, the Commissioner determines whether other work that the claimant can do, despite his impairments, exists in significant numbers in the national

economy and must produce substantial evidence to support that finding.  Seavey, 276 F.3d at 5.

An ALJ may rely on the Medical Vocational Guidelines ("Grid"), provided at 20 C.F.R. Part 404, Subpart P, Appendix 2, to determine whether a claimant is disabled at the fifth step of the sequential analysis only when nonexertional impairments "impose no significant restriction on the range of work a claimant is exertionally able to perform." Quintana v. Comm'r of Soc. Sec., F. App'x 142, 145 (1st Cir. 2004).  "As long as the nonexertional impairment has the effect only of reducing the occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability."  Id. (internal quotation marks omitted).

Mudgett argues that her moderate impairment in maintaining concentration, persistence, or pace was not addressed by the ALJ's residual functional capacity assessment.  She contends that the limitation to unskilled work did not adequately convey the restrictions imposed by moderate difficulty in concentration, persistence, or pace.  As a result, she asserts, the ALJ erred in relying on the Grid and should have presented all of her limitations to a vocational expert.

In support, Mudgett relies on several cases in which the court held that the ALJ erred by failing to include the claimant's moderate difficulties in maintaining concentration, persistence, or pace in the hypothetical to the vocational expert.  See Cohen v. Astrue, 851 F. Supp. 2d 277, 286 (D. Mass.

6

2012); Collins v. Astrue, 2010 WL 3245457 (M.D. Fla. Aug. 17, 2010); see also Ealy v. Comm'r of Soc. Sec., 594 F.3d 504 (6th Cir. 2010) (concluding that similar moderate limitations were not conveyed adequately through a limitation to unskilled work); Viveiros v. Astrue, 2012 WL 603578, at *12 (D. Mass. Feb. 12, 2012).  The courts in those cases reasoned that moderate difficulty in maintaining concentration, persistence, or pace is a limitation that may affect the claimant's ability to work, which is not addressed by a limitation to low stress or unskilled work.

On the other hand, however, "[a] finding of moderate limitations in maintaining concentration, persistence, or pace, does not necessarily preclude the performance of unskilled work." Perry v. Astrue, 2014 WL 4965910, at *6 (D. Mass. Sept. 30, 2014).  When an acceptable medical source provides an opinion that despite moderate limitations in concentration, persistence, or pace the claimant is able to do unskilled work or simple routine work, no further restriction in residual functional capacity is necessary.  Montore v. Astrue, 2012 WL 3583346, at *7 (D.N.H. Aug. 20, 2012); see also Falcon-Cartagena v. Comm'r of Soc. Sec., 21 F. App'x 11, 14 (1st Cir. 2001) (concluding that a moderate limitation in nonexertional functioning required for unskilled work does "not affect, more than marginally, the relevant occupational base").

In this case, Dr. Read stated that, despite her limitations, Mudgett was capable of maintaining attention and concentration,

making simple decisions, interacting appropriately with supervisors, and maintaining a schedule.  The ALJ relied on that part of Dr. Read's opinion in making the residual functional capacity assessment that Mudgett was able to do unskilled work. Based on Dr. Read's opinion, Mudgett's moderate limitations in concentration, persistence, and pace do not affect her ability to do unskilled work.  Therefore, the ALJ adequately accounted for Mudgett's limitations in the residual functional capacity assessment and supportably relied on the Grid to conclude that Mudgett was not disabled.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse (document no. 10) is denied.  The Acting Commissioner's motion to affirm (document no. 11) is granted.

The decision of the Acting Commissioner is affirmed.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 9, 2014

cc:  Karen B. Fitzmaurice, Esq.
     Tamara N. Gallagher, Esq.
     Robert J. Rabuck, Esq.